## Cornish vs. Sargent.

The defendant has until the calling of a cause in its regular order on the docket to file pleas to the merits, and the Court cannot abridge the time by a rule of practice. (2 *Eng. Rep.* 117; 4 *ib.* 137; 5 *ib.* 443; 7 *ib.* 718.)

*Appeal from Union Circuit Court.*

The Hon. Abner A. Stith, Circuit Judge.

Carleton, for the appellant.

Lyon, for the appellee.

Mr. Justice Hanly delivered the opinion of the Court.

This was debt, brought by the defendant in error, against the plaintiff, in the Union Circuit Court, to the fall term, 1855.

It appears from the bill of exceptions taken in the Court below, that there was a rule of the Court requiring the pleading in all causes pending therein to be made up by the fourth day of the term.

It further appears that on the morning of the fourth day of the return term of the writ in this cause, during rule hours, and whilst the Court was proceeding with the roll of attorney's, and hearing and disposing of motions made by them, and before this cause was regularly reached upon the docket, the attorney for Sargent, the plaintiff below, moved the Court for judgment by default against the defendant Cornish, for want of a plea; upon which the counsel for Cornish proposed and offered to file *then* two pleas in bar, *to wit*, the general issue, and set off, and asked the Court to be permitted to file said pleas, which the Court refused to permit him to do, in consequence of the rule

of practice above stated, and thereupon gave judgment by default against Cornish for the amount of the note declared on, with damages and costs. Cornish excepted, and brought error. He assigns for error:

1st. The refusal of the Court below to allow him to file his two pleas at the time proposed.

2d. And the rendering of judgment by default against him.

The question presented by the assignment in this case, has been so repeatedly adjudicated by this Court, that we shall content ourselves with disposing of the cause before us, by simply citing those adjudications. See *Norris vs. Kellogg & Co.,* 2 *Eng. R.* 117. *Hixon vs. Weaver as adr. use,* 4 *Eng. R.* 137. *North vs. Davis, same* 138. *State vs. Jennings use of Bettison,* 5 *Eng. R.* 443. *State Bank vs. Minnikin,* 7 *Eng. R.* 718.

We hold, therefore, that the Court below erred in refusing to permit the plaintiff in error to file his two pleas in bar, under the circumstances shown in this case, as stated.

The judgment is reversed and the cause remanded with directions to the Court below to permit the plaintiff in error to file his two pleas in bar, at any time before the cause is reached in its order on the docket, and peremptorily called by the Court.

Absent, Hon. C. C. SCOTT.