## KUPFERLE ET AL. VS. MERCHANTS NATIONAL BANK.

1. JUDGMENT BY DEFAULT: *Setting aside, etc.*
   On motion to set aside a judgment by default, accompanied by answers setting up good defenses, the sworn applications of the defendants showed that they believed their defenses were being made by attorneys representing other defendants in the cause; the record entries in the early stages of the cause show that the attorneys appeared for the defendants generally; held good cause for setting aside the judgment during the term at which it was rendered.

2. ————: *Misprision; setting aside, etc.*

Where a cause is set for trial on a particular day, and before the day a judgment by default is entered, it may, under the provisions of secs. 3596-7, Gantt's Dig., be set aside on motion filed before or during the first three days of the succeeding term of the court.

APPEAL from *Pulaski* Circuit Court.

Hon. J. J. CLENDENIN, Circuit Judge.

*Whipple* and *Rose*, for appellants.

*Benjamin & Barnes, contra.*

PINDALL, SP. J.:

The Merchants National Bank at Little Rock, commenced its suit 27th May, 1873, against appellants and six others, to enforce the collection of a note executed July 1st, 1872, by O. S. Dillon to Thos. M. Bowen, and endorsed by Bowen and nine others, including the appellants.

Summons dated on said 27th May, 1873, returnable to the first day of the June Term, 1873, of the Pulaski Circuit Court, was served on ten of the eleven parties. One of the defendants, W. J. Hynes, is not mentioned in the return. The return is not dated, nor is there any filing noted on the writ.

On February 10th, 1874, the plaintiff suggested the disqualification of Hon. John Whytock, to try the cause, he being one of the parties defendant, a special judge was elected, qualified and took the bench, and the cause was by consent of parties, set for hearing on the 13th of March.

The order recites, "thereupon comes the plaintiff by attorneys, Messes. Benjamin & Barnes, and come the said defendants by Messrs. Gallagher & Newton, their attorneys."

Nothing seems to have been done on the 13th, but on the 19th March, 1874, it is recited "come the parties by attorneys and by consent the cause is set for hearing 27th March, 1874.

March 25th, 1874, John Whytock, T. D. W. Yonley and John D. Adams, by their attorneys filed answers.

An entry on March 27th, 1874, is; "come said plaintiff by Messrs. Benjamin & Barnes, her attorneys, and come the defendants, by Messrs. Gallagher & Newton, their attorneys, and by consent the cause is set for hearing on Wednesday the 1st day of April, 1874."

An entry of March 30th, 1874, is "comes the plaintiff by Messrs. Benjamin & Barnes, her attorneys and Orin S. Dillon, Thos. M. Bowen, Patrick Raleigh, Wm. J. Hynes, Nicholas Kupferle, Henry T. Gibb, Thomas Lafferty and Francis M. Crisman, eight of the defendants herein come not, and wholly make default," judgment by default is taken : The cause was continued until the next term, as to Whytock, Adams and Yonley.

April 2nd, 1874, Patrick Raleigh, moved to set aside the default, on account of surprise, and for leave to answer.

The grounds of his motion were :

*First*—That he supposed his name was included in the number of those for whom a defense had been put in.

*Second*—That the cause was set for trial 27th March, that the business of the court was behind, and that the docket for 27th March had not yet been reached, April 1st, and the default was taken several days before the cause was reached on the regular call.

*Third*—That the default was taken before the action stood for trial.

*Fourth*—That he had a valid defense to the action in this, that he was an endorser without consideration, on the note sued upon, and that notice of protest and dishonor had not been given him as required by law.

This motion was sworn to, on 1st April, 1874.

April 9th, 1874, Gibbs and Crisman filed their separate motions to set aside default and for leave to answer, upon same grounds of surprise, accompanied by separate answers, showing same defense. Crisman, as an additional ground shows, that at the time of the service of the summons on him, he was lying ill with the small-pox; as soon as he recovered, he made enquiry about the suit and he was informed by his co-defendants, that the suit was being defended.

April 11th, 1874, The defendants, Thomas Lafferty and Nicholas Kupferle, filed separate motions and answers, making similar excuses, and showing same defenses.

On June 18th, 1875, these motions were argued and submitted to the court.

June 29th, 1875, the motions were overruled and the defendants, Kupferle, Lafferty, Gibb, Raleigh and Crisman, excepted, and have appealed to this court.

The answers tendered with the motions show a good defense to the action if true, and they were regularly sworn to.

Is there any excuse shown for the omission to file them in time? The movers all swear they believed their defenses were being made by the attorneys representing their co-defendants, this if true seems to be a reasonable excuse, and the record entries show, that in the preliminary stages of the case, the attorneys did appear, for "the defendants" generally, no separate appearance is shown until the answers of Whytock, Yonley and Adams were filed, March 25th, 1874; previous to this time the entries must be construed to include the defendants who had been summoned. *Neal* v. *Singleton*, 26 Ark., 494.

We think those motions show sufficient reason why said default should have been set aside, and if they had been called up at that term they would have been sustained.

The court had the power to set aside the judgment at a subsequent term, for the cause stated in said motions—misprision of the clerk in entering judgment before the action stood for trial, Dig. 3596 ; and this power could have been invoked by motion filed in the first three days of the succeeding term. Dig., 3597.

These motions were filed at the same term at which the default was taken, and remained undisposed of until the determination of the cause. The only effect of this was to dispense with the reasonable notice required by the statute.

Was the delay in calling up the motions such as that the appellants should be denied the right to defend the suit.

The motions were filed before a special judge, not on the bench, or present in court at all times, but only when required for the purposes of the suit. It is the experience of most lawyers, that this inconvenience alone frequently begets delay without fault on the part of either party.

A few days after the motions were filed the political disturbances occurred at the Capitol which deranged the business of the court and practically suspended its functions, and the motions were necessarily continued until the first term after the re-organization of the court. This delay was not caused by the defendants, and does not evidence a want of diligence on their part; their motions were filed in apt time, and we think there was no delay attributable to these appellants which should deprive them of their right to plead their defenses to this suit.

We think it probable that the Circuit Court overruled the motions upon the ground that it had no power over its judgments after the adjournment of the court, which was the well settled rule previous to the Code Practice, but which has been changed by that practice, in cases mentioned in secs. 3596-7-8, and that one of the grounds of the motion bring them within those sections.

Whatever may have been the effect of the former orders setting the case for trial, they were all rescinded by the order of the 27th March, and at the time the defaults were taken, the action stood for trial on the first day of April, and the judgments were taken before that day, and in this the Code differs from *Du Valcourt* v. *Bergman*, heretofore decided by this court: in which it was held, that the grounds for a new trial then presented did not fall within the Code provisions.

The cause will be reversed with instructions to set aside the judgment by default, as to these five appellants, permit them to file their answers, and proceed with the cause in accordance with law.

Hon. E. H. ENGLISH, CH. J., did not sit in this case.