MARTIN vs BERRY.

Opinion delivered September 19, 1896.

*Judgment by Default.*

A plaintiff is entitled to judgment by default on the third day
of the term in all actions at law in which the summons was
served ten days before the beginning of the term, and it is not
error to give judgment by default against a defendant, who has
not filed his answer, at a subsequent day of the term even
though the cause be set down for trial at a later date.

*Attachment—Issues—When Triable.*

In a suit on a promissory note in which an attachment has been
issued, the attachment issue is triable to the court, distinct
from the main action, upon the issue raised by the affidavit
for attachment and affidavit controverting it.

*3.  Negotiable   Instruments—Attorney's   Fees—Lex   Loci   Contractu
        Governs.*

> A negotiable instrument executed and payable in Texas provid-
>     ing for attorney's fees, is a valid contract there and will be
>     enforced in the Indian Territory.

Appeal from the United States Court for the Southern
District.

C. B. KILGORE, Judge.

Suit in attachment by Clay Berry on a promissory
note. Judgment for plaintiff. Defendant appeals. Affirmed.

This is an action by Clay C. Berry, appellee, upon a
promissory note executed by Tom A. Martin, appellant, as
follows:  " Dallas, Texas, March 23. 1895.  $265.00.  On
October 1st, 1895, without grace, after date, for value re-
ceived, I promise to pay to the order of Jos. Ling & Bro.,
at the City National Bank of Dallas, two hundred and sixty-
five dollars, with interest after maturity at the rate of ten
per cent. per annum until paid; and, if not paid at maturity,
and collected by an attorney or by legal proceedings, an ad-
ditional sum of ten per cent. on the amount of this note as
attorney's fees.  [Signed] Tom H. Martin, Pauls Valley, I.
T."  Indorsed:  "Pay to the order of C. C. Berry.  Jos.
Ling & Bro."  Appellee obtained a writ of attachment on
the ground that appellant had sold, conveyed and otherwise
disposed of his property with fraudulent intent to cheat,
hinder and delay his creditors.  The writ was not levied.
Writs of garnishment, at appelle's instance, were obtained,
and served upon several parties.  On the first day of the
December term of the trial court the case was set for trial
for Saturday, December 14, 1895.  On Monday, December
11, 1895, appellant filed his answer, demurring generally to
the complaint, and specially to that part which sought a re

covery of attorney's fees, upon the ground that the contract allowing same was unconscionable, illegal, usurous and void, and for answer denied all and singular the allegations of plaintiff's complaint. The answer was signed by attorneys for appellant, and was not verified. On December 12, 1895, being appearance day, when neither appellant nor his attorneys were present in court, appellee filed a demurrer to the answer, averring that the same was insufficient, and did not state facts sufficient to constitute a defense, and embodied in the demurrer a motion to strike out defendant's answer as to attorney's fees, for the reason that the original note filed with plaintiff's complaint showed it to be a Texas contract, and, under the laws of the state of Texas, collectable. On this day the court sustained the motion to strike out that part of the answer as to attorney's fees, reciting in the judgment that it found from the law and the evidence that the note was a Texas contract, payable in Texas, and that the stipulation for attorney's fees was valid under the laws of that state. It sustained the demurrer to defendant's answer sustained the attachment for the reason that grounds therefor were not controverted, and gave judgment for appellant for $297, with interest. On December 13, 1895, appellant filed his motion to set aside the default judgment, which was superseded by his amended motion to set aside, filed on December 16, 1895, which was by the court, on December 7, 1895, overruled. Appellant excepted, and prosecutes his appeal.

*Weaver & Weaver*, for appellant.

*Rennie, McClure & Patchell*, for appellee.

LEWIS, J. (after stating the facts). It is contended that, this cause having been set down for trial in the lower court on December 14, 1895, that court erred, even though

(28)

default was made, in rendering judgment before that date. Under the law as it formerly was in Arkansas it was held that the circuit court could not by a rule of practice require a defendant to file his pleas by the fourth day of the term, if the case was not then called for trial; that the statute gave the privilege of withholding the plea until the cause was on its regular call, and that no rule of practice could restrict the time so given for pleading, although the time might be extended by the court. The practice that grew up under these statutes and the court's construction of them was found embarrassing, but was adhered to. Collins vs Gauche, 23 Ark. 646; Cornish vs Sargent, 18 Ark. 266. This embarrassment doubtless led to the adoption of the provisions of the statute now in force (Mansf. Dig.) which enact:

"Sec. 5046. The defense to an action at law shall be filed on or before the third day of term: * * * When the summons has been served ten days before commencement of term in the county in which suit has been brought, or in an adjoining county."

"Sec. 5113. The law docket shall be made out for each term of the court, and the actions shall be set for particular days, and so arranged by the clerk that the cases set for each day shall be tried, as nearly as may be, on that day."

"Sec. 5114. The trial of any issue of fact or assessment of damages by a jury, in any case, shall be on or after the day which it is set on the docket."

"Sec. 5123. On the fourth day of the term the court shall render judgment by default in all actions at law wherein due service has been had as provided in section 5046, and no

defense has been filed, provided, the court may, for good cause, allow further time for filing a defense."

Section 555, which is not in force in this jurisdiction, may be considered in connection with these provisions in arriving at their purpose. By it the clerk is directed within 20 days before the commencement of each term of court to put up in some convenient place in his office a list of causes to be tried at such term, distinguishing therein the day in which each cause is to be tried, and shall keep such list so affixed, until the end of such term, for the inspection of the parties litigant and their attorneys. This requirement applies as well to the appearance cases as to the other causes on the docket. We think the clear intent of these provisions is to permit judgment by default, on or after the fourth day of the term, in cases in which answers have not been filed, notwithstanding said cases may have been set down for trial at a later day. Such, we believe, has been the uniform practice. This view is supported by the case of Kupferle vs Bank, 32 Ark. 717. In that case judgment by default was taken on March 30th, and in the motion to set aside the default it was alleged that the cause was set for trial March 27th; that the business of the court was behind, and that the docket for March 27th had not been reached on April 1st, and the default was taken several days before the case was reached on the regular call, and was taken before the action stood for trial. It was alleged that the parties in default believed that their defenses were being made by the attorneys representing their co-defendants. The court held that this belief was a reasonable **Judgment by default.** excuse for the omission to file the answers in time. But, if judgment could not be taken, as here contended, until the cause was reached upon call, excuse for failure to file answers would not have been necessary. The attachment issue **Attachment.** was triable to the court, as distinct from the main action,

upon the issue raised by the affidavit for attachment, and affidavit controverting it.  Sanger vs Flow, 1 C. C. A. 56, 48 Fed. 152; Platter Co. vs Low, 4 C. C. A. 207, 54 Fed. 93; Holliday vs Cohen, 34 Ark. 707; Barton vs Ferguson, 1 Ind. Ter. 263.  No affidavit controverting the grounds of attachment being on file, the court did not err in rendering judgment by default sustaining the attachment.  Mansf. Dig. § 381.  In the motion to set aside the judgment by default, appellant set up as excuse for failure to file controverting affidavit, certain grounds growing out of propositions of compromise pending between the parties.  These grounds were controverted by appellee, and the finding of the trial court upon the issue thus made is binding upon this court. We conclude that the record discloses no error in the judgment sustaining the attachment.

In the motion to set aside the default, appellee admits that he is justly indebted to appellant in the sum of the principal and interest of the note sued on, but states that he has a defense thereto, in the way of a set-off for damages growing out of the wrongful issuance of the writ of attachment. As we have upheld the judgment sustaining the attachment, we must hold that the motion to set aside the judgment in the main action disclosed no meritorious defense and was, therefore, properly overruled.  In the absence of such showing, it is not necessary to consider other questions contained in the record.

2.  The allowance of attorney's fees raises the question of the validity of the stipulation therefor contained in the note sued on.  The note is dated at Dallas, Tex.; it is **Negotiable instruments. —Attorney's Fees.** by its terms, payable there.  We think these two circumstances are sufficient, in the absence of proof, to make the law of Texas controlling in the solution of all questions as to the validity and effect of the note.  Buchanan vs Bank, 5 C. C

A. 83, 55 Fed. 223; Cook vs Moffat, 5 How. 295; Supervisors vs Galbraith, 99 U. S. 214; 1 Daniel, Neg. Inst. § 879.  The stipulation for attorney's fees being valid by the laws of Texas, it follows that the court did not err in giving judgment for the same.  The question whether such stipulation is valid in contracts made and to be performed in the Indian Territory, under the laws in force therein, is not decided. The judgment is affirmed.

SPRINGER, C. J., concurs.