## STEWARD v. COMMONWEALTH ·NAT. BANK.

No. 943.    Opinion Filed November 14, 1911.

(119 Pac. 216.)

1.    **BILLS AND NOTES**—Action by Indorsee—Failure of Considera-
      tion—Knowledge of Indorsee—Exclusion of Evidence.    In an
      action upon a negotiable promissory note by the indorsee thereof
      before maturity in due course of business, the maker of the
      note offered to introduce in evidence a written contract between
      him and the payee, executed as a consideration for the note, and
      to show that the payee had violated the contract, and that the
      consideration ·of the note failed, before the maturity of the
      note.    The refusal of the court to admit said contract and the
      rejection of evidence tending to show a violation thereof will
      not be held reversible error, in the absence of any showing,
      attempt to show, or statement by the maker that he could show,
      that the indorsee had notice of such contract and of the failure
      of the consideration at or before the time he purchased the note.

2.    **APPEAL AND ERROR**—Harmless Error—Exclusion of Evidence.
      The refusal of the court to permit a witness to answer a compe-
      tent question· is not reversible error, if subsequently the witness
      has been permitted to answer the same or substantially the same
      question.

3.·   **BILLS AND NOTES**—Place of Performance.    A promissory note,
      dated in Texas and made payable in that state, in the absence of
      other proof, is a Texas contract and is governed by the laws of
      Texas relating to the validity of its provisions.

4.    **EVIDENCE**—Foreign Statutes—Presumptions.    In the absence
      of proof as to what the law of another state is upon any question,
      it will be presumed that the law of such state is the same as
      in this state, the forum in which the action is prosecuted.

(Syllabus by the Court.)

*Error from Pontotoc County Court; Joel Terrell, Judge.*

Action by the Commonwealth National Bank against S. P.
Steward.    Judgment for plaintiff.    Defendant brings error.    Af-
firmed.

*Bullock & Kerr* and *J. F. McKeel,* for plaintiff in error.

*Stone & Maxey,* for defendant in error.

HAYES, J.    Defendant in error, hereinafter called the
"bank," instituted this action in the court below to recover on a

promissory note the sum of $437.50, interest, and attorney's fees. Said note was executed by plaintiff in error, hereinafted called "defendant," on the 7th day of July, 1907, to one L. M. Generes, payable on the 1st day of the following November. The bank alleges that the note was transferred to it on the 4th day of September, 1907, before maturity in the due course of business, without any notice of any equities between the maker and the payee. Defendant by his answer denies that the note was transferred to the bank before maturity without notice of equities, and alleges that since the execution and delivery of the note, without his knowledge or consent, a material alteration has been made in it, in that the word "ten," relating to the amount or rate of interest contracted to be paid on said note, has been erased and the word or figure "eight" inserted in the place thereof. Upon these issues the case was tried to a jury, whose verdict was for the bank, upon which judgment was accordingly rendered.

No question was made in the lower court, and none has been made here, as to the negotiability of the note sued upon. Both parties have proceeded in both courts upon the theory that it is a negotiable instrument, and we shall proceed upon the same theory, without examining the form of the note for the purpose of ascertaining whether it is. The alleged errors of which defendant complains are the rejection of certain evidence offered by him and the allowance by the court of the bank to recover judgment for 10 per cent. of the amount of the note as attorney's fees. Defendant's counsel by various objections, most of which were sustained, offered to establish that which is stated in substance in the case-made in their own language as follows:

· "Defendant now offers to prove by the defendant's own testimony that at the time this note was executed same was executed upon an express written understanding with the payee, Generes, that he receive a policy of insurance, and that this note was to cover the first premium on same; and that the annual premiums were to be an agreed amount stated in said contract; and that no policy was ever delivered to the defendant in compliance with this agreement; that on various occasions, from

and including the 11th day of September up to some time in October, defendant had conversations with Generes in which Generes exhibited. this note to him and claimed to be the owner thereof."

No error was committed in refusing permission to introduce in evidence the written contract alleged to be executed between the maker and the payee of the note at the time of the execution of the note. Defendant was permitted to prove that a written contract was executed between them at that time, but was refused permission to offer it in evidence. The evidence does not establish, and no effort was made by defendant to establish, that defendant in error had any notice or knowledge of the existence of such contract before it purchased the note, and defendant at no time stated that he could establish such fact, if permitted to do so. The purpose of the evidence rejected was to establish a failure of the consideration for which the note was executed. There are only two conditions upon which said evidence could be competent or material, which are: The transfer of the note to the bank before maturity with notice of the equities between defendant and the payee, or transfer after maturity, in which latter event the law would charge the bank with such notice. Proof of failure of consideration in an action on negotiable instruments by one claiming to be a *bona fide* purchaser thereof in due course of business before maturity cannot defeat the action, without proof that plaintiff had notice thereof before he purchased the instrument; and where, as in this action, the transferee introduces the note in evidence and the indorsement of the payee thereon, executed before maturity, the burden of proving notice of the maker's equities to the transferee before purchase, in order to destroy the *bona fides* of the holder, is upon the maker. *Gillespie et al. v. First Nat. Bank of Kingfisher*, 20 Okla. 768, 95 Pac. 220. The bank sought to recover in this case solely upon the ground that it was an innocent purchaser before maturity. There was no contention by it that it acquired the note after maturity, and that the equities between defendant and the payee of the note do not exist; and the jury was instructed that, in order for the bank to

recover, the burden of proof was upon it to establish by a fair preponderance of the evidence that the note had been duly executed and transferred to it in due course of business for a valuable consideration, and that said transfer took place before maturity. By the general verdict, the jury found this issue in favor of the bank. The rejection, therefore, of said evidence offered for the purpose of proving what the equities between the original parties of the note were, that would have constituted a defense in the event that the note was transferred after maturity, was not prejudicial.

Objections to certain questions propounded to defendant, tending to show that the payee of the note was in possession of it at and after the time the bank claims to have purchased it, were sustained. If the evidence thus sought to be introduced was admissible, no prejudicial error was committed; for, in answer to similar questions not objected to, defendant was permitted to testify. that he saw the payee with the note in his possession as late as September 25th after the alleged transfer on the 4th day of the same month.

Defendant also sought to testify that at the time after the alleged transfer of the note, Generes, the payee, while in possession thereof, claimed to be its owner. This testimony was also rejected, without error; for such statements of the payee, which are not claimed to have been made in the presence of the bank, could not bind the bank.

The question of material alteration of the note was, upon conflicting evidence, submitted to the jury under instructions that correctly state the law pertaining to that question, and the verdict is conclusive of that issue.

The note stipulates for attorney's fees, if it is placed in the hands of an attorney for collection. It is dated at Dallas, Tex., and made payable at the same place. In the absence of other proof, these circumstances make the laws of Texas controlling on the question of validity of this stipulation. *Martin v. Berry,* 1 Ind. T. 399, 37 S. W. 835; Daniel on Negot. Inst. § 379. But the record does not furnish any proof as to what the laws of

Texas are, relative to stipulations for attorney's fees in such instruments.. In the absence of such proof, they will be presumed to be the same as the law of this state, the forum in which the suit was brought.   Daniel on Negot. Inst. § 891.   Such stipulations in this jurisdiction are valid, and are enforceable.   *Cooper et al. v. Bank of Indian Territory,* 4 Okla. 632, 46 Pac. 475.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

All the Justices concur.