BY THE SUPREME COURT

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton, Chief Justice.*

---

J. D. STEPHENS V. HIGGINBOTHAM BROTHERS & COMPANY.

No. 3316.   Decided November 15, 1922.

(244 S. W., 985.)

**Note—Indorser—Fixing Liability—Estoppel—Evidence.**

The liability of defendant as indorser of the note sued on not having been fixed by protest or by suit within the time required by article 579, Rev.

Stats., parol evidence, which, by article 585 Rev. Stats., was made inadmissible to show that the indorser had "released" the holder from the obligation to use such diligence, was equally inadmissible to show his waiver of or estoppel against insisting on such diligence—as here by requesting delay in the institution of the suit with promise not to take advantage of it. (pp. 83, 84).

Question certified by the Court of Civil Appeals for the Second District, on error from Comanche County.

The question here determined having been certified to the Supreme Court was by that body referred to the Commission of Appeals, Section B, for their opinion. This, having been adopted by the Supreme Court as its own, was thereupon certified as such to the Court of Civil Appeals.

*Callaway & Callaway,* for Stephens, plaintiff in error.

Parol agreements or requests cannot be shown to prove that an indorser of a promissory note has released the holder thereof from his obligation to use due diligence to collect the said note, and the statute prescribes due dilligence to be a suit to the first term of court after the said note became due. Revised Statutes 1911, Art. 579; Revised Statutes 1911, Art. 585; Heidenheimer v. Blumenkron, 56 Texas, 314; Sequin Milling & Power Co. v. Guinn, 137 S. W., 456; McCamant v. McCamant, 187 S. W., 1096; Caldwell v. Byrne, 30 S'. W., 836; Mullaly v. Ivory, 30 S. W., 259.

*H. N. Goodson* and *Hickman & Bateman,* for *Higginbotham Bros. & Co.,* defendants in error.

The court did not err in permitting the evidence complained of in the appellant's second assignment of error; but properly admitted the same under the allegations of the plaintiffs petition setting up estoppel. Barger v. Brubaker, 187 S. W., 1025; Ketterson v. Inscho, 118 S. W., 626; Smith v. Dupree, 140 S'. W., 367; Freeman v. Walker & Sons, 175 S. W., 1133; Davies v. Texas Cent. Ry. Co., 133 S. W., 295; 2 Pomeroy's Equity, par. 804; Griffith v. Rife, 72 Texas, 185; Bridges v. Johnson, 69 Texas, 714; Edwards v. Dickson, 66 Texas, 613; Barclay v. Desmuke, 202 S. W., 364.

MR. JUDGE HAMILTON, delivered the opinion of the Commission of Appeals, Section B.

The case is before us on a question certified by the Court of Civil Appeals of the Second District at Fort Worth.

The certificate, omitting the reasons advanced in support of Judge DUNKLIN's conclusion, follows:

"J. D. Stephens has appealed from a judgment rendered against him in favor of Higginbotham Bros. & Company, a corporation, in a suit instituted in the County Court of Comanche County upon a

promissory note for the principal sum of $550, stipulating for interest and attorneys fees, executed by W. B. Still, J. P. Thompson, and J. W. Little, made payable to J. D. Stephens. This note was indorsed in blank by Stephens and transferred to plaintiff before maturity for a valuable consideration.

" J. P. Thompson and J. W. Little, two of the makers of the note and J. D. Stephens were all made parties defendant, but W. B. Still, the other maker, was not sued for the reason, as alleged in plaintiff's petition, that he was a resident citizen of Oklahoma, having no property subject to execution in Texas and being actually and notoriously insolvent.

"The note was dated December 1, 1913, and was made payable December 1, 1914, and the suit was instituted November 3, 1915, at the fourth term of the County Court of Comanche County, which convened after the maturity of the note. According to allegations in plaintiff's petition that the institution of the suit was delayed until November 3, 1915, at the special instance and request of defendant Stephens; that on divers occasions prior to the beginning of each term of the County Court which convened after the note matured, Stephens requested plaintiff to withhold the institution of the suit in order to give the makers further time within which to pay it; and that by reason of such requests on the part of defendant Stephens, plaintiff was induced to withhold the institution of the suit until November 3, 1915; and that Stephens waived any right as indorser to claim that he was released from liability as such indorser by reason of the failure of plaintiff to institute the suit at an earlier date, and was estopped from asserting such a defense.

"It was further alleged in the petition that all the makers of said note were actually and notoriously insolvent at the time the note matured and have been insolvent ever since; and that such facts furnished an additional reason why the defendant Stephens could not successfully claim that he was discharged from liability by reason of plaintiff's failure to institute the suit at an earlier term of court.

"The record does not disclose that the defendants Thompson and Little filed any answer to the petition, although the judgment, after reciting that all parties appeared in open court and after decreeing a recovery in plaintiff's favor against Stephens for the full amount due on the note, contains the following:

" 'It is further ordered, adjudged and decreed by the Court that upon the answers and agreements stated in open court as to said other defendants, that the defendants J. P. Thompson and J. W. Little go hence without day and recover for cost, and that no judgment whatever be recovered as against either of said last named defendants.'

"Defendant Stephens expressly denied the allegations upon which plaintiff claimed that he was estopped from claiming that he had

112 Tex.—6

been discharged from liability on the note, and he expressly alleged that plaintiff's failure to institute the suit at an earlier term of Court was a failure to exercise due diligence to collect the note from its makers and by reason thereof the defendant had been discharged from any liability on the note.

"The case was tried before a jury who made findings on special issues submitted to them. Briefly stated, the jury found that at or about the time the note matured, defendant Stephens requested plaintiff to delay the institution of the suit, that by reason of such request and induced thereby, plaintiff refrained from suing until Stephens gave instructions to sue, which was only three or four days prior to the date the suit was filed. There was a further finding to the effect that on the occasion of a certain conversation between Stephens and one of plaintiff's representatives relative to the payment of the note, Stephens agreed to pay any of the indebtedness evidenced by the note which plaintiff might fail to collect from Little and Thompson. The date of that conversation was not stated by the jury in their findings, but the evidence shows without controversy that that conversation occurred after the note matured.

"Plaintiff relied upon parol testimony only for proof to sustain its allegation that it was induced to delay the institution of the suit until the same was filed, by reason of the request made by the appellant Stephens, and therefore Stephens was estopped from invoking the benefits of the provision of Article 579, Vernon's Sayles' Texas Civil Statutes, to the effect that in order to fix the liability of an indorser of a promissory note which has not been protested for non-payment suit must be instituted thereon at the first term of the District or County Court at which suit can be brought after the right of action shall accrue, or at the second term of said court after the maturity of the note with a showing of good cause why the suit was not instituted before the first term of said court. Such parol testimony was objected to by the defendant when offered and the provisions of Article 585 to the effect that parol testimony shall be inadmissible to prove that the assignor, drawer or indorser of such a note has released the holder thereof from his obligation to use due diligence to collect the same, were made the basis of that objection. And that such testimony was not admissible is the principal contention urged upon this appeal by different assignments of error.

"The majority of this court, consisting of Chief Justice CONNER and Associate Justice BUCK, have reached the conclusion that such testimony was not admissible since it was expressly made inadmissible by reason of Article 585 of the statutes. They are of the opinion that since the statute has so provided in specific terms, with no proviso or condition rendering it inapplicable in certain classes of cases, the court is without power to ingraft upon it an exception in order

that the plaintiff might sustain its plea of estoppel.  In further support of their conclusion see Seguin Milling Co. v. Guinn, 137 S. W., 456; Heidenheimer v. Blumenkron, 56 Texas, 308; Martin v. Berry, 37 S. W., 835; Mullaly v. Ivory, 30 S. W., 259; McCamant v. McCamant, 187 S. W., 1096.

"And since plaintiff failed to introduce any other testimony to sustain its plea of waiver and estoppel urged against appellant Stephens, the majority of this court were of the opinion that appellant's request for a peremptory instruction in his favor should have been given by the Trial Court, and for that reason, and that reason only, they have concluded that the judgment of the Trial Court should be reversed and judgment should be here rendered in appellant's favor, and judgment has been entered accordingly.

"A motion for rehearing filed by appellees, Higginbotham Bros. & Company, is now pending in this court.

"Associate Justice DUNKLIN has dissented from the conclusion so reached by the majority.  He is of the opinion that the Trial Court did not err in refusing the peremptory instruction requested by appellant, and that the judgment should be affirmed.  He is of the opinion that the principle of equitable estoppel will preclude a party from invoking the benefits of Article 585 of the statutes to the same extent as it would be applicable to preclude him from asserting any other statutory right. . . .

"In view of the dissent noted above and of the importance of the question involved, we deem it advisable to certify to your Honors the question whether or not the parol testimony introduced to support appellee's plea of waiver and estoppel was admissible?"

The statutes to which references are made, in the certificate, follow:

Article 579.  "The holder of any bill of exchange or promissory note, assignable or negotiable by law, may secure and fix the liability of any drawer or indorser of such bill of exchange, and every indorser of such promissory note, without protest or notice, by instituting suit against the acceptor of such bill of exchange, or against the maker of such promissory note, before the first term of the District or County Court to which suit can be brought, after the right of action shall accrue; or by instituting suit before the second term of said court, after the right of action shall accrue, and showing good cause why suit was not instituted before the first term next after the right of action accrued."

Article 585.  "Parol testimony shall be inadmissible to prove that the assignor, drawer, or indorser of any of the aforesaid instruments has released the holder thereof from his obligation to use due diligence to collect the same."

If parol testimony is admissible to prove that the indorser requested the holder to delay suit and that the holder delayed suit because of

the request all in support of a plea that the indorser had waived and estopped himself of the benefit of Articles 579 and 585 by that request, then certainly parol testimony would be admissible to prove an actual agreement of the indorser to release the holder of diligence in bringing suit. The purpose of Article 585 was to protect assignors, drawers, and endorsers from parol proof of any other effect of their signature than that shown in writing. In its endeavor to accomplish that purpose, the Legislature plainly declared, in Article 585; that "parol testimony shall be inadmissible to prove that the . . . indorser . . . *has released* (italics ours) the holder . . . from his obligation to use due diligence to collect . . ." That is to say, even though the assignor, drawer or indorser has released in fact the holder from such diligence, such release cannot be proved by parol testimony. To hold that parol testimony is admissible to support appellee's plea of waiver and estoppel would be to nullify the statute.

Therefore, we recommend that the question be answered to the effect that parol testimony to support appellee's plea of waiver and estoppel was not admissible.

BY THE SUPREME COURT

The opinion of the Commssion of Appeals, answering certified questions, is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton, Chief Justice.*