Engler *v.* Bate.

ENGLER, Plaintiff in Error, *vs.* BATE, Defendant in Error.

1. A denial of indebtedness is not a sufficient answer to a petition which sufficiently charges that the indebtedness arose out of breaches of a specific contract. The breaches must be denied.
2. A case where the answer filed sets up no sufficient defence is not one coming within the rule of the St. Louis Circuit Court, requiring the plaintiff to file an abstract of the pleadings.

### Error to St. Louis Circuit Court.

When this cause was called for trial in the Circuit Court, no abstract having been filed in accordance with a rule of the court, the defendant claimed a nonsuit, which was granted by the court. The rule is as follows:

"In all causes commenced since July 4th, 1849, which are to be tried by a jury, the plaintiff shall file, for the use of the court, two days before the same are set for trial, an abstract of the pleadings, indicating, clearly the issues to be tried; in default of which, the same will not be considered as prepared for trial, and the plaintiff shall be nonsuited, or the cause be continued at his cost, if the defendant so elect."

The pleadings are sufficiently stated in the opinion of the court. The plaintiff sued out a writ of error.

*C. C. Carroll*, for plaintiff in error. The rule of the Circuit Court is obscure, ambiguous and unconstitutional. It is a delegation of the judicial power vested in the court to the defendant in the cause.

*Knox & Kellogg*, for defendant in error.

GAMBLE, Judge, delivered the opinion of the court.

The petition in this case, although it alleges that the defendant is indebted to the plaintiff in five different sums, on different considerations, and although it refers to an account filed with the petition, shows sufficiently that the whole demand arose out of a contract for the purchase of pork by the plaintiff from the defendant. It is a specimen of the very great looseness in pleading, occasioned by the reform introduced into our practice. Instead of setting out the contract, and stating the particulars in which the defendant had failed to comply with it, the petition states indebtedness of the defendant in specific sums, for his failure to comply with his contract in different particulars, leaving the court to conjecture what the contract was, but alluding to it in such terms as to show that

there was a contract for the sale of three hundred barrels of mess pork by the defendant to the plaintiff. One or two of the statements in the petition will show the form of allegation adopted by the pleader. It is alleged that the defendant is indebted to the plaintiff in the sum of thirty-three dollars and twenty-five cents, "for that much money overpaid by plaintiff to defendant, in the purchase of a lot of mess pork of three hundred barrels, there being two barrels short weight in said lot;" also, in the sum of seven dollars and eighty-seven cents, "there being that much difference between rumps delivered to plaintiff and mess pork contracted by defendant to be delivered to plaintiff;" also, in the sum of one hundred and twelve dollars and fifty cents, "there being that sum lost in the sale of said purchased pork, on account of a deficiency of salt which ought to have been supplied by the defendant."

1. To the petition thus constructed, the defendant files an answer, which is nothing more nor less than the plea of *nil debet*. The defendant, no doubt, understood the petition as founded upon violations of a contract for the sale of pork, and yet, instead of answering the substance of the charge, he answers merely that he is not indebted. Whether he failed to furnish the full amount, or furnished rumps instead of mess pork, or failed to use the requisite amount of salt, is all supposed to be involved in the answer that he is not indebted. In *Sapping-ton* v. *Jeffries*, 15 Mo. Rep. 629, it was held, that *nil debet* was not a sufficient answer in a case upon a note. In the present case, the petition, although very inartificially drawn, gave to the defendant notice of the violations of contract upon which his alleged indebtedness arose, and he should have answered them, and not merely have stated that he was not indebted. In another case at this term, of *Westlake* v. *Moore*, a similar answer of *nil debet* was allowed by this court, because the petition did not state the mode in which the indebtedness arose, in such form as to require the answer of any other allegation than that of indebtedness.

2. Regarding the answer then, in this case, as improper, the

case was not one coming within the stringent rule of the Circuit Court, in relation to abstracts, for it was not a case to be tried by a jury, but one in which the court would have stricken out the answer upon motion. While speaking on the subject of that rule, it may be proper to say that the sanction is altogether out of proportion to the fault of the party or his attorney. A nonsuit, which must produce great delay, and may impose a great burden of costs, and even occasion the loss of the cause of action, should not be lightly imposed for a failure to do an act, which looks only to the convenience of the judge in learning the nature of the issues.

The judgment is reversed, and the cause remanded.