Drake agt. Cockroft.

---

## NEW-YORK COMMON PLEAS.

### DRAKE, respondent, agt. COCKROFT, appellant.

An answer which, without denying any *fact* stated in the complaint, merely says that "the defendant denies that the plaintiff is entitled to the sum of money demanded in this action, or any part thereof," will be struck out on motion.

In an action by a landlord to recover the rent reserved by the lease, the tenant cannot set up as a counter-claim a mere trespass by the landlord, and destruction of personal property upon the demised premises.

Such a trespass is not " a cause of action arising out of the contract or transaction set forth in the complaint as the *foundation of the plaintiff's claim*, nor connected with the *subject of the action*."

Whether, in an action at law, the Code has extended the doctrine of recoupment to any cases to which it did not apply before the Code? Doubted.

Drake agt. Cockroft.

*General Term, January,* 1855.

INGRAHAM, First Judge; DALY and WOODRUFF, Judges.

Appeal from order at special term.

In this case an order was made at special term, upon the plaintiff's motion, striking out the first and second defences contained in the answer of the defendant. From that order, the defendant appealed to the general term. The substance of the matter thus struck out appears in the opinion of the court.

———— ————, *for plaintiff.*

———— ————, *for defendant.*

By the court—WOODRUFF, Judge. The complaint herein avers that the plaintiff, on, &c., let to the defendant, and the defendant hired and took from the plaintiff, certain premises, for the term of one year from the first of May then next, at the yearly rent of $925, payable as follows: $308.33 on the first day of August, 1853; $308.33 on the first day of November, 1853, and the balance, $308.34, on the first day of February, 1854. After setting forth other provisions of the lease, not material to this appeal, the complaint further avers that the defendant promised to make punctual payment of the said rent in the manner above mentioned, and that the defendant entered into possession of the demised premises under and by virtue of the said hiring, and continued in the possession, &c., until after the first day of February, 1854. That on the first day of August, 1853, the said sum of $308.33 became due and payable according to the tenor of the said letting and hiring, and that the sum of $8.33 thereof is now due and owing. That on the 1st Nov., 1853, the other sum of 308.33 became due and payable according to the tenor, &c.; and that the sum of $8.33 is now due and owing, and that the said balance of $308.34 became due and payable on the first day of February, 1854, and the whole thereof is now due and payable; wherefore the plaintiff demands judgment for $325, and interest and costs. To which complaint the defendant, by answer, sets up, or attempts to set up, three distinct defences.

For a *first* and distinct defence, the defendant answers that

Drake agt. Cockroft.

he "*denies* that the said plaintiff *is entitled to* the sum of money demanded in this action, or any part thereof."

Reading this supposed "defence," in connection with the legal principle that "every material allegation in the complaint, which is not controverted by the answer, shall be taken as true for the purposes of the action," this so called defence amounts to this : " Although I hired the plaintiff's premises for the period stated, and agreed to pay the rent specified, and occupied the premises during the term, and the rent became due and payable according to the tenor of the hiring, and is now due and owing—still the plaintiff is not entitled to such rent." Or, in another form,—" Although all the facts alleged by the plaintiff are true—still he is not entitled to recover."

I fully concur in the opinion of the first judge at special term, that this is no defence at all. If the facts stated by the plaintiff are true, the plaintiff *is entitled* to the sum of money demanded ; and this so called first defence is a mere legal falsehood, unless other facts exist which are not alleged. I need not state the elementary rule of pleading, that a plea or answer which does not deny the facts alleged by the plaintiff, must state *facts* which, if proved, destroy the legal inference that the plaintiff is entitled to recover. If the allegations of the plaintiff are sufficient in law to entitle him to recover, the defendant cannot dispute the right of recovery while he admits the facts stated, unless he avers new facts, which defeat their otherwise legal operation.

The defendant's counsel, on the argument of the appeal, insisted that a denial of the plaintiff's right to recover, or a statement that the plaintiff is not entitled to the money, is a statement of a *fact*. In this, I apprehend, he overlooks the distinction which often exists between the statement of a truth and an allegation of a fact. Indeed, the term fact and truth are often used in common parlance as synonymous ; but, as employed in reference to pleading, they are widely different. A fact in pleading is a circumstance, act, event, or incident—a truth is the legal principle which declares or governs the facts, and their operation and effects.

Drake agt Cockroft.

Admitting the facts stated in a complaint, the *truth may be* that the plaintiff is not entitled, upon the face of his complaint, to what he claims.   The mode in which a defendant sets up that truth for his protection, is a demurrer.

So also, admitting the facts stated in a complaint, the *truth* may still be, that *by reason of the existence of facts which are not disclosed by the complaint*, the plaintiff is not entitled to what he claims—if a defendant wishes to urge this condition of things, he must do it by averring the existence of those facts.

It seemed to me so obvious that this denial of the plaintiff's title to recover contains nothing which can be called a statement of a fact, that no language could make it more plain ; but counsel for the appellant have deemed it doubtful, and pressed it upon our further consideration.   The case cited by him (*Allen* agt. *Patterson*, 3 *Seld.* 476) does not even tend to sustain such an answer.

There, an averment in a complaint that the defendant was indebted to the plaintiff for goods sold and delivered by the plaintiff to the defendant, at his request, on a day named, and at a place stated ; and that a sum, named, is due to the plaintiff from the defendant, was held to import, and, therefore, in substance to be an averment that, at the time and place stated, the plaintiff sold and delivered to the defendent the goods referred to ; and the court, in that case, distinctly recognize the duty of a pleader distinctly to aver or state every *fact* on which he relies to support the legal proposition upon which his right to maintain or defend the suit is dependent.

For a *second* and distinct defence, the defendant sets up what the pleader (as if himself in some doubt by what name it can properly be called) terms a claim to an allowance of the " *amount* or *value*" of certain *personal property*, " by way of counter-claim, recoupment, or set-off."

And this claim is founded upon allegations that the defendant, simultaneously with, and as a part and parcel of the same hiring mentioned in the complaint, hired from the plaintiff, and held, used and occupied, a certain stable and lot of ground adjoining the premises described therein ; and that the plain-

tiff, during the defendant's temporary absence, broke open the stable, and wilfully took and removed the personal property of the defendant therefrom, and the same has been injured, destroyed, and lost to the defendant. What the property consists of, or how much is its value, is not stated.

If I thought it doubtful whether the matter thus pleaded as a second defence did or did not constitute a valid counterclaim in this action, I should not hesitate to say that it ought not to have been struck out, on motion; and that the plaintiff should have been left to his demurrer.

In this respect I assent to the argument urged by the counsel for the appellant, and to the authorities cited by him, that questions of doubt ought not to be disposed of in this summary manner, when a demurrer is an appropriate mode of trying them. But I can find no room for any doubt upon the subject. The answer sets up a mere trespass by the landlord, by taking, injuring, and destroying certain *personal property*, which was upon a portion of the demised premises.

It is not claimed, by the counsel for the appellant, that such a trespass could be set up, before the adoption of our Code, as a defence to an action by the landlord for the rent. But it is insisted that the counter-claim authorized by the Code includes the damages sustained by the tenant from such a trespass.

The counter-claims which the Code authorizes are defined,

" 1st. A cause of action *arising out of* the contract or transaction set forth in the plaintiff's complaint as the *foundation* of the plaintiff's claim, or connected with the subject of the action."

" 2d. In an action arising on contract, any other cause of action *arising also* on *contract*," &c.

A trespass upon real or personal property is not a cause of action arising on contract.

The second clause above cited clearly does not authorize such a defence in an action upon contract, and the present is an action upon the contract of hiring.

Does the *first* definition or explanation of the term, counter-claim, embrace the matter set up in this answer?

---

Obviously it does not, unless the cause of action set up in the answer arises out of the contract set forth in the plaintiff's complaint, or is connected with the subject of the plaintiff's action.

The answer sets up a trespass by the landlord upon the demised premises, and the destruction of the defendant's goods. It does not even claim damages for the *entry*, or for any injury to the *possession*, but only for the personal property destroyed. The contract set forth by the plaintiff is a letting, and hiring, and agreement, by the defendant to pay the rent.

The trespass averred does not *arise out* of *any* contract. The liability of the plaintiff for the trespass does not result from that contract; nor is it affected by it.

As a *cause* of *action*, it is wholly independent of that contract; and the liability therefor exists to the same extent, and is neither less nor greater than if the trespass had been committed upon any other premises in the occupation of the defendant. The landlord is no more liable for the trespass than for the like trespass committed elsewhere.

Nor is the trespass connected with the subject of the action. The subject of the action is *rent*, or money due upon the contract of hiring. The *compensation* for the use and occupation. The use and occupation have not been interfered with. They have continued without interruption. An interference with the possession,—an eviction, total or partial,—an unlawful injury to the premises in violation of the agreement of letting, would have given the defendant a claim for damages which, upon a liberal construction of the language of the Code, might have been connected with the subject of the action, so as to constitute a counter-claim. But a mere trespass is no more connected with the subject of an action brought for the rent, than an assault and battery of the tenant by the landlord would be.

I can find no more ground for saying that such a trespass can be set up as a defence to an action for rent now, than before the Code was enacted. The provisions of the Code above referred to were designed to affirm the right of a defendant to recover his damages in those cases in which a recoupment was

proper before the Code was enacted. (*See Reab* agt. *M'Allister*, 8 *Wend.* 109; *Batterman* agt. *Pierce*, 3 *Hill*, 191.) If the Code extends the right to any other cases not within the law of set-off, (which I doubt,) they are not such as are exhibited by the answer now in question.

In my opinion, the order striking out what are termed, in the answer, the first and second defences, should be affirmed.

