## SHELDON, HOYT & CO. v. MIDDLETON.

1. DENIAL OF THE EXECUTION OF A NOTE. Where, in an action on a promissory note the defendant in his answer admitted the making of a promissory note similar to the one sued on, at the time specified in the petition, but further alleged that "whether the same is the identical note, and his signature is genuine, are matters with which he is unacquainted, and he requires the plaintiff to prove the same," *Held* that the denial of the execution of the note was insufficient to put the plaintiff upon the proof of the same.
2. SAME. A defendant may deny the execution of a note, without an affidavit, but such denial must be explicit, and only enables him to

Sheldon, Hoyt & Co. v. Middleton.

offer evidence sustaining such denial. *Lyon* v. *Bunn*, 6 Iowa 48, cited and followed.

3. INDORSEMENT: PARTIES. The indorsement of a note transfers the legal title, and the indorsee, though holding it as collateral security, may maintain an action on it.

4. DENIAL. A denial in an answer limited to the specific amount claimed in the petition is insufficient.

*Appeal from Marshall District Court.*

FRIDAY, NOVEMBER 4.

THE plaintiff sued on a promissory note for $185.00, dated 1st September, 1857, made by Middleton to "Mark Weaver," payable one day after date, and which was indorsed in express terms to the plaintiffs. The defendant, by his answer, admits the making a promissory note at the time specified, "similar in tenor to the copy declared on, but whether the same is the identical note, and his signature genuine, are matters with which he is unacquainted, and he requires the plaintiff to prove the same." He then denies owing $203.50 as alleged, and denies that the note is the property of plaintiffs, and says he verily believes the plaintiffs hold the same as collateral security to a debt due by one Wm. Dishon to plaintiffs, and that they are not entitled to sue thereon, and have only a special temporary lien and property in the note; and calls for a reply under oath, but does not make oath to his answer.

The plaintiffs demurred to the answer in its several parts, and upon several grounds, and the demurrer was sustained. The defendant declined answering over, and judgment was rendered for the plaintiffs, and the defendant appealed.

*Eastman,* and *Cole & Jewett* for the appellants, in support of the proposition that the demurrer was not well taken, as to the allegation "that plaintiff was not the holder of said note, but that the same was the property of one Dishon," cited *Nightengale* v. *Barney,* 4 G. Greene 106; *Kelly* v. *Ford,* 4 Iowa 140; *Selman* v. *Cobb,* Ib 534; *Farwell* v. *Tyler* 5 Ib. 535.

The denial of indebtedness was in effect the general issue, and was sufficient.  *Miller* v. *Hardacre*, 1 G. Greene 154; *Brown* v. *Hollenbeck*, 2 Ib. 318; *Baldwin* v. *Winn*, 3 Ib. 180; *Coffin* v. *Kemp*, 4 Ib. 119 ; *The Burlington & M. R. R. R. Co.* v. *Marchand*, 5 Ib. 468 ; *Sample* v. *Griffith*, Ib. 378.

*Thomas Wilson* for the appellees.

WOODWARD, J.—It will not be necessary to examine the demurrer in its details.   That which the defendant claims as a denial of the execution of the note is insufficient.   It is uncertain and does not amount to a denial.   If he desired to see the note, he should crave an inspection of it.   Without an affidavit he might deny so far as to enable him to offer evidence against it, but his answer must be an explicit denial.  *Lyon* v. *Bunn*, 6 Iowa 48.

The facts pleaded by the defendant to show that the note is not the property of the plaintiffs are insufficient.   If the note is in their hands as security, they may sue upon it.  The indorsement places the legal property in them.

The denial that he owes the sum of $203.50 is not sufficient.  It is only a denial that he owes that particular sum.   *Mann* v. *Howe et al.*, 9 Iowa 546.

Judgment affirmed.