## COTTLE v. COLE & COLE.

1. **Pleadings:** DENIAL OF ASSIGNMENT. The petition in an action on a judgment by an assignee thereof, alleged that it was assigned in writing by the judgment plaintiff to the plaintiff in suit, and set out a copy of the alleged assignment: *Held*, that it was not sufficient to deny merely that the judgment had been assigned; that the answer should deny specifically the execution of the written assignment.

2. **Judgment:** ASSIGNMENT. That an assignment of a judgment was made without consideration is not a defense in an action by the assignee against the judgment defendant. The fact that it was without consideration is immaterial as to the rights of any of the parties.

3. —— FRAUD IN OBTAINING. That a judgment was obtained by the false testimony of the plaintiff, on the trial of the cause in which it was rendered, the defendant being in court, cannot be set up as a defense to an action thereon.

| 20 | 481 |
| 85 | 560 |
| 20 | 481 |
| 86 | 48 |
| 20 | 481 |
| 105 | 177 |
| 106 | 392 |
| 20 | 481 |
| d110 | 442 |
| 20 | 481 |
| f133 | 579 |

—— To constitute a defense the facts pleaded should be such as would justify a court of equity in decreeing a cancellation or in perpetually enjoining the execution of the judgment.

4. **Pleadings:** FACTS AND CONCLUSIONS. It is not sufficient to allege in the answer that the plaintiff is not the real party in interest in the cause of action set out in the petition; or, that the defendant is not indebted to the plaintiff in the manner and form as charged, in the sum claimed or any other sum. Facts should be stated showing why the plaintiff is not the real party, and why the defendant is not indebted.

5. **Parties:** HOLDER OF LEGAL TITLE: BENEFICIARY. The party holding the legal title to a note or instrument may sue on it, though he be an agent or trustee, and liable to account to another for the proceeds of the recovery; but he is open in such case to any defense which exists against the party beneficially interested. And under the Revision of 1860, the party beneficially interested, though he may not have the legal title, may sue in his own name.

*Appeal from Henry District Court.*

FRIDAY, JUNE 15.

PLEADINGS, DENIALS, &C. — FOREIGN JUDGMENTS — DEFENSE OF FRAUD THERETO — REAL PARTY IN INTEREST AS PLAINTIFFS, &C. — Action by the plaintiff, as assignee, upon a judgment rendered by the Superior Court of Suffolk county, Massachusetts, in favor of one M. J. Cluff, and against the present defendants.

Judgment for plaintiff, and defendants appeal.

*A. H. Bereman* for the appellants.

*H. & R. Ambler* for the appellee.

DILLON, J. — I. The judgment sued upon was rendered in favor of one Cluff. The present plaintiff distinctly alleged, in his petition, "that, after the rendition of said judgment, viz.: On the 8th day of August, 1862, the said M. J. Cluff sold and assigned said judgment to the plaintiff in writing, of which

*1. PLEAD- INGS: denial of assignment.*

assignment the following is a true copy," &c., *setting out the assignment in haec verba.*

The District Court held that an answer simply "denying that the judgment had been assigned by said Cluff to the plaintiff," was not good pleading, and this holding was, *under the allegations of the petition,* correct. The Code system requires *facts* and not legal conclusions, to be pleaded. The answer does not deny the *fact* of the execution of the ·written assignment, *specifically alleged in the petition,* nor does it set out any *facts* upon which the conclusion, that the judgment had not not been assigned, is based. The denial should have been of the *facts* pleaded, as the petition on its face contained facts, which *prima facie* established the assignment. *Sheldon, Hoyt & Co.* v. *Middleton,* 10 Iowa, 17; *Lyon* v. *Bunn,* 6 Id., 48; *Drake* v. *Cockroft,* 10 How. Pr., 377; *S. C.,* 1 Abb. Pr., 203; *Engler* v. *Bate,* 19 Mo., 543; 15 Id., 628; 20 Id., 297; *Clark* v. *Finnell,* 16 Ben. Monr., 335; *Bentley* v. *Bastard,* Id., 686; *Haggard* v. *Hays, Adm'r.,* 13 Id., 175; *Byington* v. *Wood,* 13 Iowa, 17; *Russell* v. *Clapp,* 4 How. Pr., 64; *Fleury* v. *Roget,* 5 Sandf., 646; Van·Santv. Code Pl. (2d ed.), 420, 421, 418, where the subject is well discussed.

II. In reference to the assignment, the defendants further answered as follows: "They deny that said plaintiff has

**2. JUDG- MENT: assignment.** paid said Cluff a valuable consideration for such pretended transfer; that if made at all it was. made after maturity and the rendition of said judgment, and accepted by the plaintiff without any consideration and was so made and accepted to defraud these defendants."

This was no defense, and in so holding, the District Court did not err. The plaintiff, whether he did or did not pay a valuable consideration for the assignment, stood in the shoes of his assignor, the judgment being a mere chose in action. *Burtis* v. *Cook & Sargent,* 16 Iowa, 194; *Ballinger* v. *Tarbell,* Id., 491, and cases there cited. It·is,

therefore, as argued by the appellee's counsel, immaterial then, for what consideration, or with what motive the assignment was made. No assignment could defraud the defendants, as any defense which they had against Cluff, was equally available against the plaintiff.

III. The defendants pleaded that the judgment sued on was obtained by the fraudulent and deceitful practices of Cluff; the particulars of which are set out as follows, viz.: That by the judgment of the Henry county (Iowa) District Court, defendant obtained a judgment against Cluff for $80.57, upon a note given by Cluff to them upon a settlement of all accounts, and no other dealings were afterwards had between them; that these defendants afterwards sued Cluff in Massachusetts on said judgment, and said Cluff " then again made a false, fraudulent and deceitful defense, and did then and there by his false, fraudulent and deceitful practices, again plead his account before that settled when said note was given, and by his false testimony, his fraud, covin and deceit, prevailed upon said court, in the absence of these defendants, to obtain the said judgment against them," which is now sued on.

An exemplification of the record of the Massachusetts judgment is made part of the petition, and shows that the defendants were in court; that there was a jury trial, resulting in the judgment in suit. There is not enough set up in this answer to impeach the judgment. It was the defendants' duty in that suit to have met and overcome the alleged false testimony of Cluff. If surprised by it, and in consequence unjustly defeated, they ought to have applied for a new trial, or promptly for relief in equity. A judgment would conclude nothing, and litigation would never end if a solemn recovery could be defeated upon the facts pleaded in this case, without more.

To constitute a defense, the facts pleaded should have

*3. —— fraud in obtaining.*

been such as would justify a court of equity in decreeing a cancellation or in perpetually enjoining the judgment.

That a court of equity would not thus interfere on the fact set up in this answer, see, *Dixon* v. *Graham*, 16 Iowa, 310, and authorities there cited.

IV. The defendants also pleaded as a defense the following: "They say that the said plaintiff, F. F. Cottle, is not the real party in interest." Also the following: "They deny that they are indebted to the plaintiff in manner and form as charged, in the said sum of $100, or any other sum."

**4. PLEADINGS: facts and conclusions.**

The court, on demurrer, held these answers sufficient. It will be perceived that these answers did not, as to be good they should have done, state *facts* showing why Cottle was not the real party in interest, or why they were not indebted. See authorities above cited; Van Santv. Code Pl., 2d ed., 421, 479; *Russell* v. *Clapp*, 4 How. Pr., 347; *Haggard* v. *Hays*, 13 Ben. Monr., 175.

But upon these issues the parties went to trial. The plaintiff produced his judgment, and under the issues was entitled to recover unless the defendants supported their defenses by evidence. This they did not do. But they rely upon the fact that the plaintiff had not answered certain interrogatories annexed to their answer, though filed at the preceeding term. Rev., §§ 2985–2992.

**5. PARTIES: holder of legal title: beneficiary.**

These interrogatories were filed for the purpose of proving by the plaintiff "that he was not the real party in interest, but that Cluff was, and that the transfer or assignment was fraudulent, and made to prevent the defendants from making their defense."

The course of decision in this State establishes this rule, viz.: that the party holding the *legal title* of a note or instrument may sue on it though he be an agent or trustee, and liable to account to another for the proceeds of the

recovery, but he is open in such case, to any defense which exists against the party beneficially interested. *Farwell* v. *Tyler*, 5 Iowa, 535; *Fear* v. *Jones*, 6 Id., 169; *Sheldon* v. *Middleton*, 10 Id., 47.

Or under the Revision, the party beneficially interested, though he may not have the legal title, may sue in his own name. *Coyningham* v. *Smith*, 16 Iowa, 471, construing Rev., § 2757. And see Howard (N. Y.) Code, 132, and cases; Van Santv. Plead. (2d ed.), 109 to 115. This may not precisely accord with the line of decisions under other Codes, but we think it liberal and right and conducive to the practical attainment of justice.

Holding, as the plaintiff did, the legal title to the judgment, by assignment, he could sue upon it; and his right to recover could not be defeated by simply showing that Cluff was the party beneficially interested in the action. This alone would not constitute a defense. In this view, the answer to the interrogatories, if given, would not have entitled the defendant to judgment.

We therefore perceive no error in the action of the court below, and its judgment is consequently affirmed; COLE, J., as respects the last point, preferring to rest his concurrence on the ground of want of prejudice to the appellant.

Affirmed.