## Cobb Chocolate Company v. Crocker-Wheeler Company.

### Gen. No. 12,340.

1. SET-OFF—*certainty required of plea of.*  The plea of set-off must be of the same certainty as is required in a declaration in an independent suit.

2. SET-OFF—*when plea of, defective.*  A plea of set-off is defective which does not contain an allegation of damage suffered, where the set-off is predicated upon a claim of damages.

3. DAMAGES—*what cannot be recovered in action of assumpsit.* In an action of assumpsit there can be no recovery for mere speculative, conjectural or possible profits.

Action of assumpsit.  Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding.  Heard in this ocurt at the March term, 1905.  Affirmed.  Opinion filed March 15, 1906.

DEFREES, BRACE & RITTER, for appellant; GORDON L. GRAY, of counsel.

MOSES, ROSENTHAL & KENNEDY, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an action of assumpsit by appellee to recover a balance due from appellant for certain electric machinery sold and delivered by appellee to appellant.  The appellant pleaded the general issue and a plea of set-off.  The plea of set-off was demurred to and the demurrer was sustained, whereupon appellant withdrew its plea of the general issue and elected to stand by its plea, and was defaulted for want of a plea.  The court assessed appellee's damages at the sum

of $391, and rendered judgment for that sum and costs against appellant.

The only question presented by the record or argued by counsel is, whether the court erred in sustaining appellee's demurrer to appellant's plea. Following is the plea:

"And for a further plea in this behalf, the defendant says that the plaintiff ought not to have its aforesaid action against it, the defendant, because it says that the plaintiff was before and at the time of the commencement of this suit, and still is, indebted to it, the defendant, in the sum of seven hundred and fifty dollars.

For that whereas, heretofore, to-wit: on or about the 30th day of January, in the year 1904, the plaintiff in this suit was engaged in the manufacture of electrical apparatus known as generators and motors commonly used for the supply of power in the operation of machinery, and at and before that time the defendant was engaged in the manufacture of chocolate, cocoa, chewing gum and other confections and merchandise, in the city of Chicago, and shortly before said time the power-generating machinery in the plant of the defendant had been destroyed by fire and it had become and was important to the interests of the defendant that it be supplied without delay with a new power apparatus to operate its machinery used in the manufacture of chocolate, cocoa and other merchandise, as aforesaid, and thereupon, to-wit: on or about the day last aforesaid the plaintiff proposed, agreed and undertook to sell and furnish to the defendant and to install and set up on the premises of the defendant a certain electrical apparatus known as a generator and motors, to be used in and about the operation of the machinery of the defendant, and in and about the manufacture of chocolate, cocoa and other merchandise as aforesaid, and the importance to the defendant of having the same done promptly was well known to and understood by the plaintiff, and thereupon, in consideration that the defendant would and did enter into a certain contract with it for the purchase by the defendant from the plaintiff of certain electrical apparatus known as a generator and motors, more particularly described in the contract aforesaid, the plaintiff did promise and agree to and with the de-

fendant as follows: that is to say, that the plaintiff would deliver all of said apparatus in said contract specified at the place of business of the defendant, to-wit: at 375 East Illinois street in the city of Chicago, in seven weeks or sooner from the date of the acceptance of said contract, and thereupon, to-wit: on or about the said 30th day of January, 1904, as aforesaid, the defendant did accept said contract and undertook and promised to pay to the plaintiff for the generator and motors aforesaid, the sum of $4,104.00, in manner and form as in said contract specified. The defendant says that the cause of action sued on by the plaintiff in this case and described in the plaintiff's declaration arose out of the execution of the contract aforesaid, and that said cause of action so described in the plaintiff's declaration is a part of the purchase money agreed to be paid by the defendant to the plaintiff for the generator and motors aforesaid. And the defendant says that the plaintiff notwithstanding its promises and agreements aforesaid, did not deliver said apparatus to the defendant at its place of business aforesaid in seven weeks or sooner from the date of the acceptance of the contract aforesaid, but on the contrary neglected and refused to deliver the same for a long period of time thereafter, to-wit: for a period of about twenty days from and after the time fixed for the delivery of the same in and by the contract aforesaid, although the plaintiff well knew that by the delay aforesaid the defendant would suffer injury and damage to a large amount, and would be prevented and precluded during the period of said delay from operating its plant and machinery aforesaid, and manufacturing chocolate, cocoa and other merchandise, as aforesaid, and reaping large gains and profits from the sale and disposition thereof; and the defendant says that afterwards, and when the plaintiff tendered delivery of said generator and motors, the defendant received and accepted same, but notified the plaintiff that in so doing it did not and would not waive its damages for such delay in delivery, and the plaintiff delivered and installed the same after so being notified, and with full knowledge of the defendant's intention to claim damages for such delay.

And thereupon, by means of the premises, the plaintiff became and was liable to pay to the defendant as damages

for the breach of contract aforesaid, a large sum of money, to-wit: the sum of $750.00, and being so liable and in consideration thereof, the plaintiff promised the defendant to pay the same when it should be requested so to do, and although often requested, the plaintiff has neglected and refused and still neglects and refuses to pay the same or any part thereof. Which said sum of money so due from the plaintiff to the defendant as aforesaid, exceeds the damages sustained by the plaintiff by reason of the non-performance by the defendant of the several supposed promises in the declaration mentioned, and out of which said sum of money the defendant is ready and willing, and hereby offers to set off and allow to the plaintiff the full amount of the said damages, and this the defendant is ready to verify."

To this plea appellee demurred generally and specially, assigning specially the following grounds of demurrer:

"1. That the special plea, as amended, was defective in failing to set out all the terms and conditions of the contract referred to in said amended plea, between the plaintiff and the defendant.

"2. That the same was defective, in claiming as damages for the alleged breach by plaintiff of the contract set out in said plea, loss of profits and gains by said defendant in the sale and disposition of its merchandise.

"4. That the same was defective, in that it showed upon its face, that the defendant, at the time of filing same, had not fully performed the contract set out in said plea as amended, but, on the contrary thereof, was itself in default and guilty of a breach of said contract, for the alleged breach of which by the plaintiff damages were claimed by the defendant.

"5. That the same was bad, in that it failed to sufficiently and properly state any legal excuse for the default and breach, by defendant, of the contract set out in said plea as amended, or any waiver by the plaintiff of such default and breach by the defendant.

"6. That the facts set out in said special plea as amended were insufficient to create any right of action in the defendant to the claim of set-off made by said special plea as amended.

"7. That said special plea, as amended, failed to set out any legal cause of action in favor of the defendant and against the plaintiff."

A plea of set-off is a cross-action, wherein the defendant occupies the position of plaintiff and the original plaintiff the position of defendant, and, therefore, the defendant "must establish his claim as upon a distinct action." Harber Bros. Co. v. Moffatt Cycle Co., 151 Ill., 84, 99. Such being the law, the plea of set-off must be of the same certainty as is required in a declaration in an independent suit. In other words, the same rules, as to sufficiency of averments, must be applied to the plea of set-off as would be applied to a declaration based on the claim set up in the plea.

There is no express or direct allegation in the plea that appellant has suffered any damage or lost any gains or profits by reason of the alleged delay in the delivery of the machinery. Nor do we think it is so averred even argumentatively. After averring the failure of appellee to deliver "for a period of about twenty days from and after the time fixed for the delivery of the same," the plea proceeds thus: "although the plaintiff well knew that, by the delay aforesaid, the defendant would suffer injury and damage to a large amount, and would be prevented and precluded, during the period of said delay, from operating its plant and machinery aforesaid, and manufacturing chocolate, cocoa and other merchandise as aforesaid, and reaping large gains and profits from the sale and disposition thereof." Certainly it cannot be logically inferred from the averment that the plaintiff well knew that certain things *would* happen, that the things did, in fact, happen. We do not think that there are sufficient averments in the plea to admit of proof, over objection, that the appellant suffered damage by the loss of gains and profits. "Pleading is the statement in a logical and legal form of the facts which constitute the plaintiff's cause of action, or the defendant's ground of defense." 1 Chitty on Pl., 9 Am. ed., sec. 213. And the general rule is, that the pleader must state facts from which the court, assuming the

statement to be true, can deduce the legal conclusion that the party, if plaintiff, has a valid cause of action, or, if defendant, a valid defense.

In the present case the appellant has averred, as a fact, that the delivery of the machinery was delayed about twenty days beyond the time fixed by the contract for delivery; but, manifestly, it cannot be inferred from the mere delay in delivery that appellant suffered damage. It is not averred that appellant had any contract for the sale and delivery of any product of its manufacture which it was prevented by the delay from performing, or that it received any orders which it could not fill, or any offers of purchase, which, on acount of its insufficiency of goods on hand, it could not accept. No facts are stated from which the court can reach the legal conclusion that the appellant has a valid claim for loss of gains or profits.

In this and other States there are numerous decisions to the effect that there can be no recovery for mere speculative, conjectural or possible profits; that such are too remote and uncertain to be a basis for recovery. Green v. Williams, 45 Ill., 206; Hiner v. Richter, 51 ib., 299; Frazer v. Smith, 60 id., 145; Benton v. J. A. Fay & Co., 64 ib., 417, 422; C. B. & Q. R'd Co. v. Hale, 83 Ill., 300; Chicago City Ry. Co. v. Howison, 86 ib., 215; Hair v. Barnes, 26 Ill. App., 580; Consumer's Pure Ice Co. v. Jenkins, 58 ib., 519; Brigham v. Carlisle, 78 Ala., 243.

In Frazer v. Smith, *supra,* the court say: "This court has decided, in cases kindred to this, that the measure of damages is not prospective gains, unless there should be shown outstanding contracts to be performed by the machinery to be furnished. There is no averment in the declaration of such, the only averment being that the plaintiffs were deprived of the use of the still for two months, during which time they might and would have manufactured large quantities of alcohol, from which they would have derived great gains. This is all prospective, and too remote to be an element of damages."

In Benton v. J. A. Fay & Co., *supra,* it is held that the

I. C. R. R. Co. v. Fitzpatrick.

measure of damages for non-delivery of machinery is the value of the use of the machinery.

Counsel for appellant cites C., C., C. & St. L. Ry. Co. v. Wood, 189 Ill., 352, in which the court say: "However, counsel for appellant is in error in contending it is the invariable rule that profits do not constitute a measure of damages. When profits are the object and inducement of the contract, and known to both contracting parties so to be, such profits may be proven as the measure of damages for a breach of contract, if susceptible of being proven with reasonable certainty." What is thus said is not in conflict with the prior decisions of the court, cited *supra*. The difficulty with the plea here is, that it fails to aver facts constituting a basis for proof of loss of profits, with reasonable certainty. Appellant's counsel argue, in support of the plea, that the appellee, in failing to deliver at the time fixed by the contract, was first in default. This is not shown by the plea. The plea is that "the defendant did accept and contract, and undertook and promised to pay to the plaintiff, for the generator and motors aforesaid, the sum of $4,104.00, in manner and form as in said contract specified." For aught appearing in the plea, appellant may have failed in making such payments as were made "in manner and form as in said contract specified," and this may have occasioned the delay complained of.

We are of opinion that the demurrer to the plea was properly sustained, and the judgment will be affirmed.

*Affirmed.*