## WESTERN EXCH. BANK OF KANSAS CITY, MO., v. COLEMAN *et al.*

### No. 2628.   Opinion Filed May 20, 1913.

### (132 Pac. 488.)

BILLS AND NOTES—Action on Note—Defenses. In an action by the indorsee of a negotiable promissory note, purchased by him before maturity for a valuable consideration, in due course of business, the maker pleaded that the note was executed in payment of the purchase price of one stallion, warranted orally by the payee to have certain qualities, and, if tried by the purchaser for two years and the horse did not possess such qualities, he might be returned and the purchase price would be refunded; and that the payee further agreed not to sell another horse of similar character within a specified distance of the place of sale. The maker alleged a violation of said warranty and collateral agreement, but did not allege that the indorsee had notice thereof at the time of the purchase of the note. Held, that the matters alleged constitute no defense to an action upon the note.

(Syllabus by the Court.)

*Error from District Court, Woodward County;*
*R. H. Loofbourrow, Judge.*

Action by the Western Exchange Bank against C. C. Coleman and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Clement A. Lawler, Gustave A. Erixon* and *O. C. Wybrant,* for plaintiff in error.
*Charles Swindall,* for defendants in error.

HAYES, C. J.   Plaintiff in error brought this action in the court below to recover upon a negotiable promissory note in the sum of $1,200 with interest, executed by defendants in error, payable to the order of McLaughlin Bros.   Plaintiff alleges in its petition that it is the owner and holder of the note; and that it purchased same in due course of business, before maturity and for a valuable consideration, without any notice or knowledge of any fact which would tend to impeach the validity of the note in the hands of any antecedent party; and the note is past due and unpaid.   Defendants answered in four separate paragraphs, by the first of which they deny the execution and delivery of the note.   By the second paragraph they allege they entered into a negotiation with the payees in the note for the purpose of purchasing from them a stallion for breeding purposes; and that they did purchase from them such stallion; that, as a part of the agreement of sale, McLaughlin Bros., the payees, warranted to the defendants that the stallion purchased was a good breeder and a sure foal-getter, and warranted that the stallion would obtain with foal at least 60 per cent. of the mares served. This warranty was made orally by payees, who promised to reduce it to writing; but this they failed to do.   They allege that under said warranty they were to keep the stallion for two seasons and try him; and, if during that period he did not get at least 60 per cent. of the mares served by him with foal, they might return him, and whatever had been paid for him

on the purchase price would be returned to defendants and the sale rescinded. They allege a breach of this warranty, in that the stallion proved to be worthless for breeding purposes; and that they were damaged thereby in the sum of $2,300. In the third paragraph of the answer, they allege, as a separate defense, that the payees represented and guaranteed that they would not sell another horse of the same kind within 30 miles of the place where they sold the one to defendants, and that they would not have purchased the horse if this agreement had not been made. They allege violation by the payees of this agreement, which resulted in damage to them in the alleged further sum of $1,200. By the fourth paragraph, they allege that plaintiff, before the purchase of the note, had knowledge that the payees therein were engaged in making sales of horses of the kind purchased by defendants; and that they warranted the horses sold by them to be foalgetters; and that plaintiff had been the purchaser of other paper from the payees, taken by them for the sale of stallions of this character, where similar defenses to such paper had been interposed by the makers; and allege that plaintiff well knew that the note sued upon in this case was taken by the payees in the sale of an animal upon which a warranty had been made of the animal's value as a foal-getter.

There is no allegation in the answer that plaintiff had any knowledge or notice of the agreement set up in the third paragraph of the answer, or that it had notice of any breach of the warranty set up in the second paragraph. To the defenses attempted to be set up in said paragraphs 2 and 3 of the answer, plaintiff interposed a demurrer. It also objected to the introduction of evidence, introduced for the purpose of supporting the issues made by said paragraph, and also requested instructions which would eliminate the issues made thereby. Its demurrer and objections to the evidence were overruled and the instructions refused, for which the judgment of the trial court must be reversed.

There is no allegation of fraud in the inception of this negotiable instrument; nor are there any facts alleged which render the same illegal. The sole defense attempted to be presented by the second and third paragraphs of the answer objected to is that, where a negotiable note is executed in consideration of a sale, attended by collateral agreement in the nature of a warranty, one who thereafter purchases the note in due course of business for a valuable consideration, with notice of the collateral agreement, takes it subject to the equities of the makers against the payees, arising out of a violation of the collateral agreement, although the purchaser had no notice of such violation of the collateral agreement. This question has, in effect, been settled against the contention of defendants by the following cases: *Steward v. Commonwealth Nat. Bank,* 29 Okla. 754, 119 Pac. 216; *Morrison & Co. v. Farmers' & Merchants' Bank of Los Angeles,* 9 Okla. 697, 60 Pac. 273.

In the Steward case, it was held that in an action upon a negotiable promissory note by the indorsees thereof before maturity, in due course of business, the maker of the note could not introduce in evidence a written contract between him and the payee, executed as a consideration for the note, and show that the payee had violated the contract; and that the consideration of the note had failed before its maturity, where there was no offer to show that the indorsees had notice of the contract, and of the failure of consideration at or before the time he purchased the note.

The second case above referred to was an action by the purchaser of a foreign bill of exchange against the acceptor who sought, as a part of his defense, to offset against the bill damages resulting from delay in the shipment of a car load of fruit for which the bill was drawn. The court, reasoning by analogy from the familiar rule—that failure of consideration as between the acceptor and the drawer is no defense to an action by the payee or holder against the acceptor, if the payee or holder took the bill before maturity in

good faith for value—held that the acceptor could not recover for his damages against the holder.

*Miller v. Ottaway,* 81 Mich. 196, 45 N. W. 665, 8 L. R. A. 428, 21 Am. St. Rep. 513, is a case directly in point. That was an action upon a note, valid upon its face, by the indorsee, who purchased same before maturity, having knowledge of a collateral agreement, warranting the mares for which the note was given to be with foal, but he was ignorant of the breach of the warranty. It was held that the breach was no defense to the action on the note by the indorsee.

Among other cases in point are the following: *Kinkle v. Harper,* 7 Colo. App. 45, 42 Pac. 173; *Overhoff v. Trusdell* (Kan.) 49 Pac. 331; *Keith v. Thister et al.* (Kan.) 61 Pac. 758.

Upon principle and upon the authority of the foregoing cases, the judgment of the trial court must be reversed, and the cause remanded for further proceeding in conformity with this opinion.

All the Justices concur, except DUNN, J., not participating.