## SCHMIDT, Adm'x, v. TURNBUCKLE OIL CO. et al.

No. 10918—Opinion Filed Dec. 12, 1922.

Rehearing Denied Feb. 13, 1923.

(Syllabus.)

1. **Evidence—Parol Evidence—Actual Ownership of Note Sued On.**

Where the plaintiff in an action on a promissory note to which he has the legal title is, in fact, merely the trustee or agent for another who is the beneficial owner of the note, parol evidence is admissible to show such fact, provided the defendant has and pleads a good defense to the note as against the beneficial owner.

2. **Bills and Notes—Action by Holder of Legal Title—Defenses Against Beneficial Owner.**

In an action to recover on a promissory note brought by one who, while holding the legal title, is merely the agent or trustee

for the beneficial owner of the note, the defendant may interpose any defense which might be available against the beneficial owner, just as though the action had been brought in the latter's name.

### 3. Pleading—Requisites—Set-Off.

Where the defendant, in his answer, seeks to plead a cause of action against the plaintiff by way of set-off, said cause of action must be pleaded with the same particularity, completeness, and exactness as would be required had said cause of action been set forth in a petition, and it must show the character of the claim, how it accrued, and the facts making it a proper subject of set-off.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Hannora C. Halligan against the Turnbuckle Oil Company and others on promissory note. Judgment for plaintiff, and defendant Schmidt, administratrix, appeals. Reversed and remanded.

Davidson & Williams and Jno. F. Kerrigan, for plaintiff in error.

Randolph, Haver & Shirk, H. M. Gray, and C. E. Cooper, for defendants in error.

NICHOLSON, J. This was an action on a promissory note brought by the defendant in error Hannora C. Halligan, as plaintiff, against the Turnbuckle Oil Company, J. Fred Miles, George Schmidt, and O. U. Schlegel, as defendants. The petition was in the usual form and prayed judgment against said defendants for the sum of $4,000.40, and the further sum of $410.04, attorney's fee. After the action was instituted, the defendant George Schmidt died and the cause was revived against Sophronia E. Schmidt, administratrix of his estate, who filed an amended answer, the pertinent portions of which are as follows:

"Comes now Sophronia E. Schmidt, as administratrix of the estate of George Schmidt, deceased, and for her amended separate answer to the petition denies each and every of the allegations of the petition and alleges that full payment has been made of said note.

"For another and different defense this answering defendant alleges that the money for which said note was executed was the money of one J. E. Cavanagh, who is now and has always been the beneficial owner of the same; that said note was executed in the name of the plaintiff, as payee, through the fraud of plaintiff and said Cavanagh on said defendant George Schmidt and his now estate, in that said Cavanagh, at the time of the execution of said note by decedent, George Schmidt, was and is liable and indebted to said decedent and his estate in an amount in excess of the amount of said note.

"That said note was made in name plaintiff under the then belief that plaintiff was the real owner of the same, but that it was subsequently discovered that through the connivance of plaintiff and said Cavanagh it was so made to enable said Cavanagh to defeat the collection by decedent Schmidt and his estate of his and its claim against said Cavanagh, and said Cavanagh is now insolvent.

"This answering defendant further alleges that plaintiff is not the real party in interest; said J. E. Cavanagh is the owner and holder of said note and should be made a party in this cause. * * *

"Wherefore, having fully answered, this defendant prays that plaintiff take nothing and that this answering defendant be awarder her costs herein."

The new matter in this answer was denied in the reply. This answer is representative of the answers of the other defendants.

On motion of the plaintiff, that part of her petition seeking attorney's fees was stricken out. A jury was waived and a trial had to the court, which resulted in a judgment for the plaintiff, from which the defendant Sophronia E. Schmidt, administratrix, has appealed, and rests her case in this court on the alleged error of the trial court in its conclusions of law on the findings of fact and in its rendering judgment in favor of the plaintiff.

The court found as a fact that the proceeds of the note sued on, to wit, the sum of $3,710.22, were paid to the Oil Well Supply Company on a claim owing it by the Turnbuckle Oil Company; that at the time of the execution of the note, one J. E. Cavanagh was obligated with J. Fred Miles, O. U. Schlegel, and George Schmidt to pay $30,549.28 to the creditors of the Turnbuckle Oil Company; that the administratrix of the estate of George Schmidt, deceased, subsequent to the payment of the proceeds of the note sued on to the Oil Well Supply Company, paid to creditors of the Turnbuckle Oil Company the sum of $17,573.97 upon judgment recovered by creditors of the Turnbuckle Oil Company against George Schmidt, these payments being in addition to the payment made to the Oil Well Supply Company; that J. E. Cavanagh's portion, his contribution, for the payments so made by said administratrix should be in the sum of $4,393.49, with interest thereon, and that he has paid nothing of his portion to the George Schmidt estate; that J. E. Cavanagh has paid none of the claims against the Turnbuckle Oil Company, aggregating the sum of $30,549.28, and the court further found that the money for which the note sued on herein

was given was the money of J. E. Cavanagh; that the note was taken in the name of the plaintiff, a sister of said Cavanagh, so as to enable him to defeat the collection or any contribution from him for payments made by said Schmidt estate upon the claims of the creditors of the Turnbuckle Oil Company included in said sum of $30,549.28. The court concluded as a matter of law "that in the absence of a showing that a note has been transferred by the named payee, the law will not permit, under any circumstances or conditions, the makers of a note to show that some other than the named payee in the note is in reality the owner and holder of the note."

This conclusion of law is incorrect. The general rule is that the title or interest of the holder of the note cannot be disputed or inquired into unless necessary for the purpose of defense, and unless a meritorious defense is presented. 8 Cyc. 61; Daniel on Negotiable Instruments, sec. 1181-A; 8 C. J. 822; 3 R. C. L. 990. But in an action brought to recover on a promissory note by one who, while holding the legal title, is in fact but the agent or trustee of another who is the beneficial owner of the note, parol evidence is permissible to show such fact, provided the defendant has and pleads a good defense to the note as against the beneficial owner. Farwell v. Tyler, 5 Iowa, 535; Cottle v. Cole & Cole, 20 Iowa, 481; Feulner v. Gillam, 211 Ill. App. 348; Greene v. McAuley, 70 Kan. 601, 79 Pac. 133. So in this case, if the defendants had and pleaded a good defense as against Cavanagh, it was permissible for them to prove that Cavanagh was the beneficial owner of the note, and that the plaintiff merely held the legal title for him, and after establishing this fact, they were entitled to prove any defense pleaded which would have been available against Cavanagh had he been the payee of the note and the plaintiff in the action.

It follows that if Cavanagh was indebted to the Schmidt estate, it was proper to plead this indebtedness as a set-off to plaintiff's cause of action. But was a set-off pleaded? We think not. A set-off must be a cause of action arising upon contract or ascertained by a decision of the court. Rev. Laws 1910, sec. 4747. And such cause of action, when made the basis of a set-off, must be pleaded as fully and distinctly and with the same substantial requisites as an original cause of action, and it must be sufficient in itself without recourse to other parts of the pleading. It must show the character of the claim, how it accrued, and the facts making it a proper subject of set-off. In short, it must state facts sufficient to constitute a

cause of action within itself in favor of the defendant and against the plaintiff. Mathews v. Sniggs, 75 Okla. 108, 182 Pac. 703; Wright v. Bacheller, 16 Kan. 259; Allen v. Douglas, Gdn., 29 Kan. 412; Green v. Malone-Beall Co. (Ala.) 61 South. 285; Cobb Chocolate Co. v. Crocker-Wheeler Co., 125 Ill. App. 241; Gonzales v. DeFuniak Havana Tobacco Co. (Fla.) 20 South. 1012; Lupton et al. v. Taylor (Ind.) 78 N. E. 689; Citizens State Bank v. Worden (Neb.) 144 N. W. 1064.

A casual examination of the answer shows its insufficiency to properly state a cause of action in favor of the defendant and against Cavanagh. It merely states that Cavanagh at the time of the execution of the note was and is liable and indebted to Schmidt in an amount in excess of the amount of the note. It does not show the character of the claim, nor how it accrued. It does not show that the demand against Cavanagh arose upon contract or had been ascertained by the decision of a court, or whether the alleged indebtedness was liquidated or unliquidated. Neither is the amount of the indebtedness shown.

Whether or not the defendants attempted to plead a set-off, we are unable to determine, but an examination of the record leads us to the conclusion that they were proceeding upon the erroneous theory that it was a complete defense to show that the plaintiff was not the real party in interest. Neither do we understand the attitude of the plaintiff. The sufficiency of the answer was not questioned by her in any manner; neither were any objections lodged to the evidence of the defendants seeking to prove the payments made by the defendant administratrix upon the indebtedness upon which it was claimed Cavanagh was liable. In fact, it appears that the case was not tried upon the same theory as that upon which it is presented here. If the defendants had properly pleaded a set-off against Cavanagh, evidence seeking to establish his liability to them upon his obligation would have been admissible, and, of course, the plaintiff should have been permitted to introduce evidence tending to show that Cavanagh was not indebted to them.

As to whether or not the evidence introduced was sufficient to establish a set-off we express no opinion. A set-off was not pleaded, and it is apparent that neither the trial court nor the parties treated such evidence as going to prove a set-off, and it will not be so treated here.

In view of the condition of this record and of the erroneous conclusion of law by the court, and in order that the issues may

be properly tried, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, with directions to grant a new trial and to permit the pleadings to be amended, if the parties so desire, and it is so ordered.

HARRISON, C. J., and McNEILL, MILLER, KENNAMER, and COCHRAN, JJ., concur.