**McALESTER v. BANK OF McALESTER.**

No. 12048—Opinion Filed Sept. 25, 1923.

(Syllabus.)

**1. Judgment — Judgment Notwithstanding Verdict.**

In the absence of special findings, the court is without jurisdiction to enter judgment notwithstanding the verdict unless same is warranted by the pleadings. The court is not authorized to render such judgment because there is an entire failure of evidence to justify the verdict in favor of the prevailing party or because the evidence shows that as a matter of law the court should have directed a verdict in favor of the losing party.

**2. Bills and Notes — Defense of Failure of Consideration — Holders in Due Course.**

Failure of consideration after a bona fide transfer cannot be shown as a defense to a promissory note in the hands of a holder in due course for value, although such holder had full knowledge of the original consideration for which the note was given.

**3. Same — Judgment Notwithstanding Verdict.**

Where defendant's answer alleges a failure of consideration and notice of the original consideration and notice of failure of consideration before transfer to the holder, it was error to render judgment even though there was an entire lack of evidence to support the answer or the verdict.

**4. Same — Action by Holder of Legal Title of Note—Defenses.**

The holder of a legal title to a note may maintain an action thereon though another is the beneficial owner, but evidence is admissible to show the beneficial owner where the maker of the note has a good defense against such beneficial owner.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by the Bank of McAlester against J. B. McAlester. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.        g

E. P. Hill and W. P. Hill, for plaintiff in error.

Moore & Harries, for defendant in error.

COCHRAN, J. This action was brought by defendant in error to recover on a promissory note executed by plaintiff in error. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court. The case was tried to a jury and a verdict rendered for defendant. Plaintiff filed motion for judgment notwithstanding the verdict, and the court set aside the verdict and rendered judgment for the plaintiff, from which defendant has appealed.

It is well settled in this jurisdiction that the court, in the absence of special findings, is without jurisdiction to enter judgment non obstante veredicto, unless the same is warranted by the pleadings, and the court is not authorized to render such a judgment because there is an entire lack of evidence to justify the verdict in favor of prevailing party or because the evidence shows that as a matter of law the court

should have directed a verdict in favor of the losing party. Barnes v. Universal Fire Protection Co., 63 Okla. 292, 165 Pac. 176; Curtis & Gartside Co. v. Pigg, 39 Okla. 31, 134 Pac. 1125; Foster v. Leftwich, 52 Okla. 28, 152 Pac. 583; Hyatt v. Vinita Brass Works, 90 Okla. 171, 214 Pac. 706.

The action of the trial court cannot be sustained unless it appears from an examination of the pleadings that plaintiff was entitled to a judgment. The answer of the defendant admitted the execution of the note and alleged that it was delivered by him to one Frank Skidmore; that Skidmore sold the defendant 5,000 shares of Ghent Motor Company stock for $3,000 and agreed to make a resale of such stock so as to net the defendant a profit of $500; that Skidmore also sold defendant shares of stock in the International Money Machine Company of par value of $500, and the note which is the subject of this suit was given therefor under an oral agreement with Skidmore that the note was to be paid out of the proceeds of the sale of the Ghent Motor Company stock and that the stock in the International Money Machine Company was to be delivered to defendant immediately; that Skidmore failed to sell any part of the Ghent Motor Company stock and failed and refused to issue and deliver to defendant the International Money Machine Company stock. It was further alleged that plaintiff was not the owner and holder of the note, but that one E. C. Million was the owner and holder thereof, and that Million at the time he purchased the note had knowledge of the agreement between the defendant and Skidmore, and had knowledge of the agreement to issue and deliver the International Money Machine Company stock. It was also alleged that Million was not a holder in due course.

The plaintiff relies on the rule announced in the syllabus of Producers' National Bank v. Elrod, 68 Okla. 248, 173 Pac. 659, as follows:

"Where the consideration for a negotiable promissory note is an executory contract to deliver certificates of stock in a corporation then being organized, knowledge of the transaction by the purchaser of such note in due course before maturity for value will not prevent a recovery by him, in case of a subsequent breach of the agreement by reason of failure and inability to deliver the certificate of stock."

The authorities seem to be in accord on the proposition that failure of consideration after a bona fide transfer does not affect the character of the purchase, although the purchaser had full knowledge of the original consideration for which the note was given. To the same effect are Security Trust & Savings Bank v. Gleichmann, 50 Okla. 441, 150 Pac. 908; Western Exchange Bank of Kansas City v. Coleman, 38 Okla. 178, 132 Pac. 488; Conqueror Trust Co. v. Bayless Drug Co., 75 Okla. 288, 183 Pac. 419; Farmers' Bank of Roff v. Nichols, 25 Okla. 547, 106 Pac. 834. We adhere to the rule announced in these cases, and an examination of the evidence in this case might disclose that the defendant made out no defense under the rule announced, but for the purpose of this appeal we must apply the rule to the pleadings, and we find that the answer pleads a failure of consideration and that the plaintiff is not the real owner of the note, but that the note was owned by Million and that he was not a holder in due course, and also that Million purchased the note with knowledge of the agreement and the failure of the consideration. In these circumstances it was error to render judgment notwithstanding the verdict of the jury.

If the plaintiff was the holder of the legal title to the note, it had a right to maintain an action thereon; but the defendant was permitted to show that Million was the beneficial owner of the note, provided the defendant had a good defense against the beneficial owner. Schmidt v. Turnbuckle Oil Co., 88 Okla. 223, 212 Pac. 418. So in this case, while no allegation was made showing notice to plaintiff of the agreement between defendant and Skidmore or knowledge of its breach, it was alleged that Million was the owner of the note and had knowledge of the agreement and its breach.

For the reasons stated, the judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial and proceed further in accordance with the views herein expressed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.